**KIM & BAE P.C.**
Christine M. Bae (CB-4384)
2160 North Central Road, Suite 303
Fort Lee, New Jersey 07024
Tel: (201) 585-2288
Fax: (201) 585-2246
E: cbae@kimbae.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------X
AIRTECH INTERNATIONAL, INC.,

                 Plaintiff,

    -against-

TIK ELECTRONICS, INC., TIK
ELECTRONICS, INTAE KIM,
SE-A ELECTRONICS CO., LTD.,
UNIONE TECH CORP., YOON JEONG
AHN, JOHN DOES 1-10, AND
XYZ CO. 1-10,

                Defendants.
-------------------------------------------------------X

Civil Case No. 2:26-cv-_____

**VERIFIED COMPLAINT FOR
DAMAGES AND INJUNCTIVE RELIEF**

**JURY TRIAL DEMANDED**

AIRTECH INTERNATIONAL, INC. ("Plaintiff" or "Airtech"), by and through its

attorneys, Kim & Bae, P.C., upon knowledge with respect to itself and its own actions and upon

information and belief as to all other matters, complaining of Tik Electronics Inc. ("Tik NJ" or

"Tik Electronics"), Tik Electronics ("Tik Nevada"), and Intae Kim ("I. Kim"); SE-A Electronics

Co., Ltd. ("SE-A"), Unione Tech Corp. ("Unione" or "Unione Tech"), and Yoon Jeong Ahn

("Ahn")  (collectively "Defendants"), brings this action seeking damages, injunctive relief, civil

contempt, and seizure of misappropriated trade secrets against Defendants for civil contempt;

violations of the Economic Espionage Act of 1996, 18 U.S.C. § 1831 *et seq.*, including § 1836

1

(the Defend Trade Secrets Act of 2016 ("DTSA")) and the New Jersey Trade Secrets Act, N.J.S.A. 56:15-1 et seq. ("NJTSA"), and for tortious interference with prospective economic advantage, aiding and abetting breach of fiduciary duty, unjust enrichment, and civil conspiracy, and hereby alleges as follows:

## PRELIMINARY STATEMENT

1. This action arises from a deliberate, multi-year scheme by Defendants to misappropriate Airtech International, Inc.'s ("Airtech") trade secrets and to **willfully violate a federal court's Temporary Restraining Order ("TRO")** by continuing prohibited business through shell companies created for the express purpose of evading this Court's injunction.

2. Byungchan "Roy" Yim ("Yim"), Airtech's former General Manager and Head of Information Technology, stole Airtech's confidential and trade secret data, including part lists, pricing histories, RFQs, vendor relationships, and export-controlled information (collectively, "Trade Secrets"). Hyo Sun Kim ("H.S. Kim") and Defendant Intae Kim knowingly assisted Yim in exploiting this stolen data and in forming and operating entities used to compete directly with Airtech.

3. Using Airtech's stolen Trade Secrets, Yim, H.S. Kim, and I. Kim secretly diverted Airtech's business to themselves and solicited Airtech's customers—including Defendants SE-A Electronics Co., Ltd. and Unione Tech Corp. —while Yim was still employed by Airtech and continuing after his departure and through the present.

4. On March 15, 2022, and again on March 28, 2022, the United States District Court for the District of New Jersey issued a TRO in *Airtech International, Inc. v. Yim et al.*, No. 22-0668 (JXN) (AME) (the "Underlying Action"), expressly prohibiting Yim, his

2

companies, **and all persons and entities acting in active concert or participation with them** from transacting any business with certain of Airtech's customers—including SE-A and Unione—using Airtech's proprietary data or for parts Airtech purchased or developed while Yim was employed at Airtech.

5.  Defendants SE-A, Unione, and Ahn received **actual notice** of the TRO. Despite this, they knowingly continued to place orders with Yim, H.S. Kim, and I. Kim through Tik Electronics Inc. ("Tik NJ"), a shell company Yim created on April 1, 2022, and the successor, Tik Electronics ("Tik Nevada"), created by I. Kim on June 6, 2023—both **after the entry of the TRO**—for the express purpose of evading the Court's order.

6.  From March 2022 through at least 2025, Defendants SE-A, Unione, and Ahn transacted **approximately $4,538,992** in prohibited business with Tik Electronics and other Yim-controlled entities, using Airtech's stolen Trade Secrets and in direct violation of the TRO.

7.  Defendants' conduct constitutes willful civil contempt, misappropriation of trade secrets under federal and state law, aiding and abetting a breach of a fiduciary duty, tortious interference, unjust enrichment, and civil conspiracy.

8.  Airtech seeks compensatory and coercive sanctions for contempt, injunctive relief, seizure of misappropriated Trade Secrets, treble damages, attorneys' fees, and all other relief necessary to stop Defendants' ongoing violations and remedy the harm caused.

## JURISDICTION AND VENUE

9.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under federal law, including the Defend Trade Secrets Act, 18

U.S.C. § 1836. This Court also has jurisdiction to enforce and adjudicate violations of its own Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(d).

10. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367 because those claims arise from the same nucleus of operative facts as the federal claims.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District, Airtech resides in this District, and Defendants committed tortious conduct into this District.

12. This Court has personal jurisdiction over Tik NJ because it was formed and operated in New Jersey, maintained business addresses in this District, and conducted the transactions at issue while controlled by Yim, H.S. Kim, and I. Kim (who were New Jersey residents at the time).

13. This Court has personal jurisdiction over Tik Nevada because it is an alter ego and continuation of Tik NJ, was created solely to continue the prohibited business, and was used to harm a New Jersey company.

14. This Court has personal jurisdiction over SE-A Electronics Co., Ltd., Unione Tech Corp., and Yoon Jeong Ahn because they knowingly transacted business with New Jersey-based entities, went purchase orders to New Jersey, communicated with Tik NJ in New Jersey, caused injury to a New Jersey corporation, and **knowingly violated a federal court order issued by this District**, thereby purposefully availing themselves of the laws and jurisdiction of this Court.

**PARTIES**

4

15. Plaintiff **Airtech International, Inc.** is a corporation organized under the laws of New Jersey with its principal place of business at 2 Piermont Road, Cresskill, New Jersey 07626.

16. Defendant **Tik NJ** is a corporation formed under the laws of New Jersey on April 1, 2022, with business addresses including 1 Eves Drive, Suite 111, Marlton, New Jersey 08053; 5 Kings Court, Fort Lee, New Jersey 07024; and multiple Nevada addresses. Its New Jersey registration was revoked on November 16, 2024.

17. Defendant **Tik Nevada** is a corporation formed under the laws of Nevada on June 6, 2023, with its registered office at 200 W. Sahara Avenue, Unit 2010, Las Vegas, Nevada 89102. It was dissolved on June 29, 2024. Upon information and belief, Tik Electronics (Nevada) is the alter ego and continuation of Tik Electronics Inc. (New Jersey), and both entities were used interchangeably by Yim and Kim.  Yim, Kim, and I. Kim worked from the same office, served the same customers and vendors, and commingled funds between themselves and Tik entities.

18. Defendant **Intae Kim** is an individual who, upon information and belief, presently resides in the State of Nevada and previously resided in the State of New Jersey. Intae Kim filed Articles of Incorporation and, at all relevant times, has acted as a registered agent for Defendant Tik Nevada.

19. Defendant **SE-A Electronics Co., Ltd.** is a South Korean corporation with its principal place of business at RM 1013, Suntech City 474, Dunchondaero, Jungwong-gu, Sungnam-si, 13229, South Korea.

5

20. Defendant **Unione Tech Corp.** is a South Korean corporation with its principal place of business at RM R806, Isbiztower 57-2, Heungan-Daero 427 Beon-Gil, Dongan-gu, Anyang-si, Gyeonggi-do, 14059, South Korea.

21. Defendant **Yoon Jeong Ahn** is an individual residing in South Korea and is the owner and controlling representative of Unione Tech Corp. Ahn also acted as an agent for SE-A in the transactions at issue. Her address is c/o Unione Tech Corp., RM R806, Isbiztower 57-2, Heungan-Daero 427 Beon-Gil, Dongan-gu, Anyang-si, Gyeonggi-do, 14059, South Korea.

22. Defendants **John Does 1–10** are individuals whose identities are presently unknown who participated in, aided, or facilitated the wrongful acts alleged herein.

23. Defendants **XYZ Corps. 1–10** are business entities whose identities are presently unknown who participated in, aided, or facilitated the wrongful acts alleged herein.

<u>**Airtech's Business and Yim's Role**</u>

24. Airtech International, Inc. is a New Jersey-based supplier of military defense and aerospace materials, systems, and electrical/mechanical parts. Airtech's customers include companies in South Korea that represent the South Korean government's defense and military departments. Confidentiality and protection of information are critical to Airtech's business.

25. Airtech's operations involve (1) sourcing general defense and aircraft parts and (2) identifying, qualifying, and managing vendors to manufacture specialized parts tailored to customer needs. Airtech's business is highly specialized, relationship-driven, and dependent on knowledge accumulated over the past 2 decades.

26. Byungchan "Roy" Yim began working for Airtech in June 2005. He worked in Information Technology and later promoted to General Manager, positions that gave him unrestricted access to the bloodline of Airtech's business, namely, its confidential systems, customer relationships, pricing history, vendor data, and export-controlled information. At all relevant times, Yim was advised of and well aware of the need to keep confidential information unique to Airtech and distinct from general industry knowledge.

27. As General Manager, along with his other roles at Airtech, Yim was entrusted with safeguarding Airtech's confidential information and ensuring that proper security measures were in place. Instead, he used his position and trust to steal Airtech's most sensitive data.

### Yim's Pre-TRO Scheme to Divert Airtech's Business

28. While still employed by Airtech, Yim began soliciting Airtech's customers — including SE-A and Unione — using Airtech's stolen Trade Secrets.

29. In February 2020, Yim formed Assured Components LLC ("Assured"), using his home address and placing his then mistress, Hyo Sun Kim, as the registered representative.

30. Yim used aliases (including "Jasmine Legrant") to conceal his involvement and to solicit business from Ahn, who knowingly and willingly cooperated in diverting Airtech's business, frequently exchanging emails with Jasmine Legrant.

31. From August 2020 through September 30, 2021 — while Yim was still employed as Airtech's General Manager and owed an absolute fiduciary duty of loyalty to Airtech — Defendants Unione Tech and Ahn knowingly conducted substantial business with Assured Components LLC, the secret company Yim created and operated in direct competition with Airtech.

7

32. From August 2020 through March 2022, Defendants SE-A and Unione placed orders with Assured totaling approximately $1,798,142.62, including $1,083,705.87 during Yim's employment at Airtech.

33. For Example, in one email exchange dated September 1, 2020, Yim (as Jasmine Legrant) wrote, "If you have any difficulties with the unit price for SFSD-10-30-G-05.00-DS-NUS, which was quoted yesterday by Airtech, please let me know. Airtech is currently recognized by Samtec as a Korean exporter, making it difficult to obtain a good unit price."

34. Defendants Unione Tech and Ahn knew that Yim was employed by Airtech at the time, knew that he owed Airtech fiduciary duties, and knew that he was prohibited from competing with Airtech or diverting Airtech's business.

35. By knowingly purchasing parts from Assured while Yim was still employed by Airtech, and under the guise of fictitious names, Unione Tech and Ahn intentionally induced and encouraged Yim to breach his fiduciary duties of loyalty, honesty, and fair dealing owed to Airtech, causing substantial financial harm to Airtech.

36. On September 27, 2021—three days before leaving Airtech—Yim formed Hans Aerospace Inc. ("Hans"), yet another company used to continue diverting Airtech's business using stolen Trade Secrets.  SE-A and Unione continued to do business with Hans after Yim's departure from Airtech.

**Yim's Theft of Airtech's Computers and Trade Secrets**

37. On June 25, 2021, and September 17, 2021, while still employed by Airtech, Yim stole two Airtech computers — one from his own desk and one from the workstation of Airtech's owner, Jin Lee. These computers contained highly sensitive and confidential

8

information about Airtech's customers, parts, vendors, pricing, export licenses, and internal operations.

38. After Yim resigned on September 30, 2021, Airtech discovered the theft and demanded the return of all confidential information. Yim eventually returned the computers on December 9, 2021, but Airtech discovered that the hard-drive memory systems containing the most valuable data had been reinstalled.

39. A forensic expert retained by Airtech determined that the operating system on the stolen computers had been reimaged on October 24, 2021, while the computers were in Yim's possession, confirming that Yim copied all data before returning the devices and wiped evidence of prior use.

40. Yim also secretly configured server-level forwarding rules to automatically send emails from Airtech's internal accounts — including those of Jin Lee and other employees — to his personal Gmail accounts, continuing even after his departure.

41. The extent of Yim's email forwarding includes having possession of attorney-client privileged email correspondence between Airtech and its counsel, Kim & Bae P.C., regarding the Underlying Action, thereby giving Yim unlawful access to Airtech's case (including settlement) strategy against him.

42. Further, after Yim had left Airtech's employment and during discovery in the Underlying Action, Yim produced a draft email from his personal email account that included highly confidential Airtech information that he should not have had in his possession, including Airtech's passwords for its banks, government bidding sites, back-up server, and Airtech's administration;   Airtech employees' computer passwords; and Jin Lee's personal information such as his social security number and tax returns, for example.

9

43. The stolen data also included Airtech's Trade Secrets, such as:

- Customer identities, contacts, purchasing history

- Vendor identities, pricing, and sourcing history

- RFQ history covering 5,698 vendors and 131,434 quotes

- Bidding results (won and lost history)

- Technical data, including drawings, statements of work (SOWs)

- Customer identification codes

- Alternative part numbers

- Sole-source supplier information

- Quality control documentation

- Offer history covering 564,128 items

- Purchase order history covering 32,957 purchase orders

- Export-license information and compliance data

- Financial, accounting, and commission records

44. Yim retained and used these Trade Secrets to compete directly with Airtech. All the above Trade Secrets would have significant economic value to competitors and others in the same or similar industries if divulged.

### The TRO in the Underlying Action

45. On February 8, 2022, Airtech filed an action against Yim and his companies, *Airtech International, Inc. v. Yim et al.*, No. 22-0668 (JXN) (AME).

46. On March 15, 2022, the Honorable Julien Xavier Neals issued a Temporary Restraining Order ("TRO"). On March 28, 2022, the Court issued a Letter Order extending key provisions indefinitely.

47. The TRO expressly prohibited Yim, his companies, **and all persons and entities acting in active concert or participation with them** from:

> "transacting any business with [SE-A and Unione] using the design, technical specifications or other proprietary data obtained from Plaintiff's computer data systems or *for any parts that Airtech purchased or developed for these companies while Defendant(s) were employed by Airtech.*" (Emphasis added)

48. The TRO also prohibited Yim and his companies from using Airtech's Trade Secrets in any business transactions.

49. Airtech had compiled a list of all parts it had purchased or developed for all eleven companies listed on the TRO while Yim was employed at Airtech and provided the list to the defendants in the Underlying Action.

### Defendants' Actual Notice of the TRO

50. On March 19, 2022, Yim informed Defendant Ahn of the TRO.

51. On March 30, 2022, Airtech emailed Ahn and Unione a copy of the TRO and Letter Order.

52. On February 9, 2024, Airtech sent SE-A a letter enclosing the TRO and Letter Order and requesting SE-A comply.

53. Defendants acknowledged receipt and understanding of the TRO.

### Yim, Hyo Sun Kim and Intae Kim's Post-TRO Evasion Scheme

54. Immediately after entry of the TRO, on April 1, 2022, Yim formed Tik NJ—a new company not listed in the TRO. Yim's housekeeper, Josefina Ambrocio, was named as the corporate representative.

11

55. Tik NJ used the same addresses, personnel, and operational structure as Yim's prior entities, including Hans Aerospace LLC, and was created for the express purpose of continuing prohibited transactions with SE-A and Unione under a new name.[1]

56. On June 6, 2023, Yim formed Defendant Tik Nevada with Intae Kim. Intae Kim is listed as the President and sole incorporator of Tik Nevada. This entity was used interchangeably with Tik NJ to continue the same prohibited business.

57. Both Tik entities are alter egos of Yim, H.S. Kim, and I. Kim and exist solely to evade the TRO. For example, Tik Electronics, Inc. sent the following payments to Intae Kim at his Korean bank account: $5,000 on June 6, 2023; $5,000 on October 16, 2023; and $2,500 on August 9, 2024. Further, additional payments were made for the personal benefit of Yim and Intae Kim, including $7,000 to Hyunsun Lee's (Intae Kim's mother) Korean bank account, $50,000 to Yim's U.S. bank account, $101,949.90 to Yim's Korean bank account, and $37,451.72 for Hyo Sun Kim's life insurance premium.

58. Such transfers were distributions of ill-gotten proceeds, as no corresponding invoices or employment records exist for these transfers.

### SE-A and Unione's Continued Purchases in Violation of the TRO

59. Despite actual notice of the TRO, Defendants SE-A and Unione continued to place orders with Tik Electronics for parts they had previously purchased from Airtech.

60. These transactions could not have occurred without the use of Airtech's stolen Trade Secrets, including pricing, sourcing, and technical specifications.

---

[1]     Upon information and belief, Yim, Hyo Sun Kim, and Intae Kim have formed Hans Aerospace Inc, Hans Aerospace LLC, and Hans Aerospace (a company registered in South Korea) and refer to all three companies as "Hans Aerospace." Intae Kim (with Yim) formed Hans Aerospace (the South Korean company) on or about January 10, 2026. Intae Kim also has been working at Hans Aerospace since 2022 and has a 50% ownership interest in Hans Aerospace Inc. after providing a $150,000 investment.

61. Upon information and belief, Defendants SE-A, Unione, and Ahn have engaged in numerous business transactions with Defendants Tik NJ, Tik Nevada, and Intae Kim that have very likely violated the TRO. For example, Tik Electronics has at least 139 invoices with Defendants SE-A or Unione from April 2022 to April 2024, many of which violate the TRO.

62. Upon review of some of the invoices provided by DHL, many invoices were discovered that confirmed Defendants' active violation of the TRO. Defendants Ahn, SE-A, and Unione knowingly acted in active concert with Yim, H.S. Kim, and Intae Kim to violate the TRO.

63. Some examples of Invoices between Tik Electronics and SE-A that violate the TRO are as follows:

| Date | Invoice No. | Part No. | Quantity and Unit Price | Total Price |
|------|-------------|----------|-------------------------|-------------|
| 11/14/24 | A2024110010 | M85049/85-12W01 | 63 x $34.85 | $2,195.55 |
| 11/14/24 | A2024110010 | MS27467T13B35S | 63 x $29.40 | $1,852.20 |
| 11/14/24 | A2024110012 | TXR41AB00-1004AI | 55 x $112.07 | $6,163.85 |
| 6/11/25 | A2025060010 | D110550 | 5,299 x $8.78 | $46,525.22 |
| 6/11/25 | A2025060012 | DSX1F24S23 | 29 x $260.45 | $7,553.05 |

64. Further, upon information and belief, Assured Components transferred $40,000 to Defendant Ahn's personal bank account in Korea as Ahn's payment for conducting business with Assured Components.

**The Scope of Post-TRO Violations**

65. From March 2022 through at least 2025, Defendants transacted **approximately $4,538,992** in prohibited business through Tik Electronics and other Yim-controlled entities.

13

66. These transactions include:

- SE-A's payments to Tik Electronics totaling approximately **$3,450,021.31;**

- Unione's payments to Tik Electronics totaling approximately **$552,754.26;**

- Additional transactions through Hans Aerospace and Assured after the TRO totaling approximately **$536,216.16**.

67. Substantial transactions involved parts previously purchased from Airtech and that used Airtech's trade secret.

68. Defendants' violations were continuous, deliberate, and coordinated.

### **Ongoing Harm to Airtech**

69. Defendants' conduct has caused Airtech substantial financial losses, loss of customer relationships, loss of competitive advantage, and reputational harm.

70. Defendants continue to possess and use Airtech's Trade Secrets and continue to violate the TRO.

71. Without judicial intervention, Defendants will persist in their unlawful conduct.

### **COUNT I —AIDING AND ABETTING BREACH OF FIDUCIARY DUTY**
**(Against Unione, SE-A and Ahn)**

72. Plaintiff repeats and realleges all preceding paragraphs.

73. Yim owed Airtech fiduciary duties of loyalty, honesty, and good faith.

74. While Yim was still employed by Airtech, Unione, SE-A, and Ahn knowingly purchased over $1 million in parts from Assured Components LLC, a secret company Yim created.

75. SE-A, Unione and Ahn addressed procurement issues referencing Airtech price history when dealing with Yim during his employment at Airtech.

14

76. Unione, SE-A and Ahn knew Yim was employed by Airtech and owed it fiduciary duties.

77. By purchasing from Assured, Unione, SE-A, and Ahn intentionally induced Yim to breach his fiduciary duties and provided substantial assistance and encouragement in effecting that breach.

78. Airtech suffered substantial damages.

79. Airtech is entitled to compensatory and punitive damages.

**COUNT II — TORTIOUS INTERFERENCE
WITH PROSPECTIVE ECONOMIC ADVANTAGE**
**(Against Ahn)**

80. Plaintiff repeats and realleges all preceding paragraphs.

81. Airtech had valid and existing business relationships with SE-A and Unione.

82. Defendant Ahn had actual knowledge of Airtech's business relationships with SE-A and Unione, was aware that her conduct was interfering with those relationships and was substantially certain that her actions would cause those relationships to be terminated or otherwise negatively affected.

83. Defendant Ahn intentionally interfered by purchasing parts from Yim's companies using stolen Trade Secrets.

84. Defendant Ahn's interference was without justification.

85. Airtech suffered damages as a result.

**COUNT III — CIVIL CONSPIRACY**
**(Against All Defendants)**

86. Plaintiff repeats and realleges all preceding paragraphs.

15

87. Defendants acted in concert with each other to engage in unlawful acts, including misappropriation of Trade Secrets, breach of the TRO, and diversion of Airtech's business with intent to inflict damages on Airtech.

88. Forming Tik NJ immediately after the TRO is an overt act to share profits between Ahn, I. Kim and Yim.

89. Defendants committed overt acts in furtherance of the conspiracy as set forth herein.

90. Airtech suffered damages as a result.

**COUNT IV — DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836)**
**(Against All Defendants)**

91. Plaintiff repeats and realleges all preceding paragraphs.

92. Airtech owns Trade Secrets relating to customer data, vendor data, pricing, RFQs, export-license information, and proprietary business processes.

93. These Trade Secrets derive independent economic value from not being generally known and were subject to reasonable measures to maintain secrecy. These Trade Secrets are related to products/services used in interstate/foreign commerce, including parts exported to South Korea and sourced from U.S. vendors.

94. Defendants misappropriated these Trade Secrets by theft, unauthorized access, copying, forwarding, and use.

95. Defendants used the Trade Secrets in transactions identified herein post TRO to compete with Airtech and to conduct prohibited transactions.

96. Airtech suffered actual loss and Defendants were unjustly enriched.

97. Airtech is entitled to damages, exemplary damages, injunctive relief, seizure, and attorneys' fees.

16

## COUNT V — NEW JERSEY TRADE SECRETS ACT (N.J.S.A. 56:15-1 et seq.)
### (Against All Defendants)

98.  Plaintiff repeats and realleges all preceding paragraphs.

99.  Airtech's Trade Secrets constitute protectable information under the NJTSA.

100.  Defendants misappropriated and used these Trade Secrets without consent.

101.  Defendants' conduct was willful and malicious.

102.  Airtech is entitled to damages, exemplary damages, and attorneys' fees.

## COUNT VI — CIVIL CONTEMPT
### (Against All Defendants)

103.  Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

104.  On March 15, 2022, and March 28, 2022, the United States District Court for the District of New Jersey issued a Temporary Restraining Order and Letter Order in *Airtech International, Inc. v. Yim et al.*, No. 22-0668 (JXN) (AME).

105.  The TRO is a valid, clear, and unambiguous order of this Court.

106.  The TRO prohibits Yim, his companies, **and all persons and entities acting in active concert or participation with them** from transacting any business with SE-A and Unione using Airtech's proprietary data or for parts Airtech purchased or developed while Yim was employed.

107.  Defendants Tik NJ, Tik Nevada, SE-A, Unione, Ahn, and I. Kim received **actual notice** of the TRO.

108.  Despite actual notice, these Defendants willfully violated the TRO by continuing to transact prohibited business with SE-A and Unione using Airtech's Trade Secrets.

109. Defendants' violations were deliberate, continuous, and coordinated, resulting in almost **$4 million** in prohibited transactions.

110. Such examples of transactions between Tik Electronics and SE-A in violation of the TRO:

| Date | Invoice No. | Part No. | Quantity and Unit Price | Total Price |
|---|---|---|---|---|
| 11/14/24 | A2024110010 | M85049/85-12W01 | 63 x $34.85 | $2,195.55 |
| 11/14/24 | A2024110010 | MS27467T13B35S | 63 x $29.40 | $1,852.20 |
| 11/14/24 | A2024110012 | TXR41AB00-1004AI | 55 x $112.07 | $6,163.85 |
| 6/11/25 | A2025060010 | D110550 | 5,299 x $8.78 | $46,525.22 |
| 6/11/25 | A2025060012 | DSX1F24S23 | 29 x $260.45 | $7,553.05 |

111. Defendants' conduct constitutes civil contempt.

112. Airtech is entitled to compensatory sanctions, coercive sanctions, attorneys' fees, and all other relief necessary to enforce the TRO.

<u>**COUNT VII — UNJUST ENRICHMENT**</u>
**(Against All Defendants)**

113. Plaintiff repeats and realleges all preceding paragraphs.

114. Defendants received benefits from the use of Airtech's Trade Secrets and diverted business.

115. Airtech expected remuneration from Defendants at the time they received the benefits and the failure of remuneration enriched Defendants beyond their rights.

116. It would be unjust for Defendants to retain these benefits.

117. Airtech is entitled to restitution and disgorgement of all ill-gotten proceeds from those transactions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

    a.    holding that Ahn, Unione Tech, SE-A, Tik Electronics, Inc. (New Jersey), Tik Electronics (Nevada), and Intae Kim conspired to commit torts and other wrongdoing against Plaintiff;

    b.    holding that Ahn, Unione Tech, SE-A, Tik Electronics, Inc. (New Jersey), Tik Electronics (Nevada), and Intae Kim's conspiracy was willful;

    c.    enjoining future acts of conspiracy by Ahn, Unione Tech, SE-A, Tik Electronics, Inc. (New Jersey), Tik Electronics (Nevada), and Intae Kim;

    d.    awarding Airtech compensatory damages;

    e.    awarding Airtech liquidated damages;

    f.    awarding Airtech punitive damages;

    g.    awarding Airtech pre- and post-judgment interest;

    h.    awarding Plaintiff reasonable attorneys' fees and costs; and

    i.    awarding such other and further relief as the court deems just and proper;

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury.

Dated: April 6, 2026

Respectfully,

By: */s/ Christine M. Bae*

Christine M. Bae

19

## VERIFICATION

Jin O. Lee, of full age, certifies as follows:

I am the President of AIRTECH INTERNATIONAL INC., plaintiff in the above-entitled matter. I have read the foregoing Verified Complaint and certify that the allegations contained therein are true to the best of my knowledge, information and belief.

I certify that the foregoing statements are true. I am aware that if any statement made herein is willfully false, I am subject to punishment.

_____
Jin O. Lee

Dated: April 6, 2026